SAINT LAURENT Y MARTÍNEZ, SUCS., S. EN C., DEMANDANTES Y APELADOS, *v.* HONORÉ, DEMANDADO Y APELANTE.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 1626.—Resuelto en abril 17, 1917.

DEMANDA ENMENDADA—PERMISO PARA PRESENTARLA A FIN DE CONFORMARLA CON LA PRUEBA—SORPRESA—APELACIÓN FRÍVOLA.—Celebrado el juicio y antes de dictarse sentencia, el demandante, previa notificación al demandado, puede solicitar y obtener permiso de la corte para enmendar su demanda a fin de conformarla con la prueba por él presentada y admitida sin objeción alguna, cuando el demandado no presenta prueba alguna y no existe ningún fundamento en qué basarse una alegación de sorpresa, ni que fuera el demandado de algún modo inducido a error en su perjuicio al sostener su defensa sobre los méritos del caso o que él tuviera alguna defensa sobre dichos méritos. Es frívola por su naturaleza una apelación establecida bajo

tales circunstancias.   Los artículos 136, 137, 140 y 142 del Código de Enjuiciamiento Civil son de aplicación al caso.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado de los apelados: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En la demanda original que fué presentada en este caso se alegaba lo siguiente:

"I. Que la demandante es una sociedad mercantil debidamente constituída de acuerdo con las leyes de Puerto Rico, y tiene su domicilio en esta ciudad.

"II. Que el demandado ha comprado maderas y efectos de construcción a la mercantil demandante en diferentes partidas llevando ambas partes una cuenta corriente que liquidada por ambas partes en agosto 30 de 1914, produjo un saldo a favor de la demandante de $625.61 que reconoció el demandado.

"III. Que fué convenido que el saldo de cuenta a favor de la demandante devengaría intereses al tipo del 1 por ciento mensual y liquidada nuevamente dicha cuenta el 24 de agosto de 1916, ha producido un saldo a favor de la demandante de $617.96, que es la suma que debe el demandado a la demandante y que no ha pagado ni en todo ni en parte, a pesar de habérsele requerido varias veces para ello."

El demandado contestó la demanda negando en términos generales todos y cada uno de los hechos de la demanda.

El demandante presentó como prueba sin ninguna objeción por parte del demandado, una escritura con el fin de acreditar la disolución de la Sociedad Saint Laurent y Martínez y la constitución de la nueva Sociedad Saint Laurent y Martínez, Sucesores, Sociedad en Comandita, que es la demandante en esta acción, cuya escritura fué otorgada por Gustavo Saint Laurent y Ponce de León, Juan Ramón Martínez y José Ferrer Billoch, en tres de junio de 1915, siendo sus cláusulas pertinentes las siguientes:

"*Primera.*—Queda disuelta a todos los efectos jurídicos desde el día en que expiró su período social la Sociedad 'Saint Laurent y Mar-

tínez,' fundada por la ameritada escritura número 45, otorgada en esta ciudad a 28 de mayo de 1914, y se hará cargo de la sociedad extinguida, la que se constituye por las subsiguientes cláusulas, pasando a la naciente compañía todo el activo y pasivo de la fenecida con las condiciones que se estipularán; dando los socios de dicha mercantil extinguida los Señores Saint Laurent y Martínez por válidas todas y. cuantas operaciones hubieran realizado en nombre de la sociedad disuelta y en su consecuencia ratifican en todas sus partes los documentos públicos que hubieran otorgado los socios sobre dichos bienes inmuebles y derechos reales de dicha sociedad.

"*Segunda—Razón social.*—Se crea y establece la nueva razón 'Saint Laurent Martínez, Sucesores, Sociedad en Comandita,' con domicilio en esta ciudad de Mayagüez y liquidadora de la disuelta 'Saint Laurent Martínez'; quedando establecida en la calle del Comercio de esta ciudad, en la casa-almacén del socio Don Gustavo Saint Laurent, cuyos solares y depósitos cede en arrendamiento a la nueva sociedad en virtud de un contrato que separadamente se formalizará."

El demandante presentó también como prueba y sin ninguna objeción por el demandado el documento que pasamos a transcribir, después de dejar debidamente establecida su identidad.

"Mayagüez, P. R., Sept. de 1914.    Sr. Sabás Honoré a Saint Laurent y Martínez.    Valor al contado.    Debe: 1914.    Julio 30, a saldo a n/fr. Seg. Cta. Pasada, $619.42.    Ag. 30, a intereses hasta hoy, $6.19.    $625.61.    E. u O.    Conforme: S. Honoré."

La prueba demostró, entre otros particulares, y asimismo sin objeción por parte del demandado, haberse hecho un abono a cuenta el día 24 de agosto de 1915, o sea, en fecha posterior a la constitución de la nueva sociedad.

El demandado no presentó prueba.

Celebrado el juicio y antes de que se dictara la sentencia, el demandante, después de notificar debidamente al demandado, solicitó y obtuvo permiso de la corte para enmendar su demanda a fin de conformarla a la prueba, siendo los párrafos primero y segundo de dicha demanda enmendada los siguientes:

"I. Que la demandante es una sociedad mercantil debidamente constituída de acuerdo con las leyes de Puerto Rico y tiene su domicilio en esta ciudad.

"II. Que el demandado ha comprado maderas y efectos de construcción a la mercantil Saint Laurent y Martínez, antecesores de la mercantil demandante en diferentes partidas llevando ambas partes una cuenta corriente que liquidada por dicha mercantil antecesora Saint Laurent y Martínez con el demandado en agosto 30 de 1914, produjo un saldo a favor de dicha mercantil de $625.61 que reconoció el demandado; siendo la mercantil demandante la continuadora de los negocios de la extinguida Saint Laurent y Martínez, con quien liquidó dicha cuenta el demandado y reconoció; y habiéndose hecho cargo de la liquidación total de dicha sociedad extinguida Saint Laurent y Martínez la demandante, a la cual pasó todo el activo y pasivo de la fenecida."

Los siguientes son los errores que han sido alegados por el apelante, a saber:

"I. La corte erró al admitir la nueva demanda presentada por la demandante.

"II. La corte erró al dictar sentencia en contra del demandado."

Considerados los hechos como han sido expuestos a la luz de los artículos 136, 137, 140 y 142 del Código de Enjuiciamiento Civil, son por sí suficientes sin argumentación alguna para demostrar la naturaleza frívola de esta apelación. No sólo existe ningún fundamento en que basarse la alegación de sorpresa, la cual, en tanto aparece de los autos, se hace por primera vez en apelación, sino que se niega dicha alegación positiva y terminantemente en todas partes en la misma exposición que hace del caso el apelante. En los autos no hay nada que indique que fuera el demandado de algún modo inducido a error en su perjuicio al sostener su defensa sobre los méritos. No existe absolutamente nada en los autos que sugiera que el demandado tenía alguna defensa sobre los méritos del caso. Según las circunstancias del caso con hacer cualquier discusión minuciosa respecto a los supuestos errores sólo perderíamos tiempo y energía.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.